## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

NATHANIEL THOMAS,

    PLAINTIFF,

VS.                                                  CIV. ACT. NO.

THE LOVELADY CENTER, INC.

    DEFENDANT.                                   JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334(4), 1343(4), 2201, 2202 and pursuant to the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("§ 1981"), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the Title VII, ADA.

2. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Nathaniel Thomas, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant, The Lovelady Center, Inc., (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331, 42 U.S.C. § 2000e, 42 U.S.C § 1981, and 42 U.S.C. § 12101, *et seq.* Defendant employs at least twenty (20) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendant hired Plaintiff on August 2015.

7. Defendant employed Plaintiff in the position of driver.

8. At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

9. Defendant terminated Plaintiff's employment on October 12, 2015.

## IV. COUNT ONE – ADA – Disability Discrimination

10. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-9 above.

11. On October 9, 2015, Plaintiff became ill and had to go to the emergency room.

12. Plaintiff informed his supervisor of the illness, which consisted of a nervous breakdown.

13. Plaintiff's supervisor, Elizabeth (LNU), instructed Plaintiff to take the weekend off from his job duties.

14. On Sunday, October 11, 2015, Elizabeth (LNU) instructed Plaintiff to bring in his medications the next day.

15. On Monday, October 12, 2015, Plaintiff met with Elizabeth (LNU) and brought with him a list of his medications.

16. Elizabeth (LNU) told Plaintiff that she wanted him to take a drug test.

17. Plaintiff told Elizabeth (LNU) that she was going to need to give him fifteen (15) minutes as he had just urinated.

18. Plaintiff consumed a lot of liquid during those 15 minutes, but before the time elapsed Elizabeth (LNU) informed Plaintiff that she did not feel safe having Plaintiff drive her trucks with passengers because he was using Prozac.

19. Plaintiff's physicians legally prescribe Prozac to Plaintiff.

20. Plaintiff told Elizabeth (LNU) that he had been taking Prozac while working for her and it did not affect his driving in any way.

21. Elizabeth (LNU) still told Plaintiff that Defendant terminated his employment.

22. Approximately one week before Defendant terminated Plaintiff, Elizabeth (LNU) hired Brent (LNU) (white) as a driver, the same position that Plaintiff held.

23. Defendant's trucks were repeatedly breaking down, and with the hiring of Brent, Defendant had too many drivers for the operational trucks.

24. Elizabeth (LNU) terminated Plaintiff's employment in order to make the truck Plaintiff drove now available for Brent (LNU) to drive.

25. But for Defendant's animus that Plaintiff suffered from a disability, Defendant would have not have terminated Plaintiff's employment.

26. In terminating Plaintiff's employment, Defendant violated the ADA because of Plaintiff's disability.

27. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

4

V.   **COUNT TWO – ADA – Perception - Disability**

28. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-27 above.

29. On October 9, 2015, Plaintiff became ill and had to go to the emergency room.

30. Plaintiff informed his supervisor of the illness, which consisted of a nervous breakdown.

31. Plaintiff's supervisor, Elizabeth (LNU), instructed Plaintiff to take the weekend off from his job duties.

32. On Sunday, October 11, 2015, Elizabeth (LNU) instructed Plaintiff to bring in his medications the next day.

33. On Monday, October 12, 2015, Plaintiff met with Elizabeth (LNU) and brought with him a list of his medications.

34. Elizabeth (LNU) told Plaintiff that she wanted him to take a drug test.

35. Plaintiff told Elizabeth (LNU) that she was going to need to give him fifteen (15) minutes as he had just urinated.

36. Plaintiff consumed a lot of liquid during those 15 minutes, but before the time elapsed Elizabeth (LNU) informed Plaintiff that she did not feel safe having Plaintiff drive her trucks with passengers because he was using Prozac.

37. Plaintiff's physicians legally prescribe Prozac to Plaintiff.

38. Plaintiff told Elizabeth (LNU) that he had been taking Prozac while working for her and it did not affect his driving in any way.

39. Elizabeth (LNU) still told Plaintiff that Defendant terminated his employment.

40. Approximately one week before Defendant terminated Plaintiff, Elizabeth (LNU) hired Brent (LNU) (white) as a driver, the same position that Plaintiff held.

41. Defendant's trucks were repeatedly breaking down, and with the hiring of Brent (LNU), Defendant had too many drivers for the operational trucks.

42. Elizabeth (LNU) terminated Plaintiff's employment in order to make the truck Plaintiff drove now available for Brent to drive.

43. But for Defendant's perception of Plaintiff having a disability, Defendant would not have terminated Plaintiff's employment.

44. In terminating Plaintiff's employment, Defendant violated the ADA because of Defendant's perception of Plaintiff having a disability.

45. As a result of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**VI.   COUNT THREE – TITLE VII – Race Discrimination**

46. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-45 above.

47.   Plaintiff is an African-American male.

48.   Defendant hired Plaintiff on August 2015.

49.   Defendant employed Plaintiff in the position of driver.

50.   At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

51.   Defendant terminated Plaintiff's employment on October 12, 2015.

52.   Approximately one week before Defendant terminated Plaintiff, Elizabeth (LNU) hired Brent (LNU) (white) as a driver, the same position that Plaintiff held.

53.   Defendant's trucks were repeatedly breaking down, and with the hiring of Brent, Defendant had too many drivers for the operational trucks.

54.   Elizabeth (LNU) terminated Plaintiff's employment in order to make the truck Plaintiff drove now available for Brent (LNU) to drive.

55.   Defendant's decision to terminate Plaintiff was made in part, or in whole, because of Plaintiff' race, African-American.

56.   As a result of Defendant's violation of the Title VII, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

**VII.   COUNT FOUR - § 1981 – Race Discrimination**

57.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-57 above.

58. Plaintiff is an African-American male.

59. Defendant hired Plaintiff on August 2015.

60. Defendant employed Plaintiff in the position of driver.

61. At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

62. Defendant terminated Plaintiff's employment on October 12, 2015.

63. Approximately one week before Defendant terminated Plaintiff, Elizabeth (LNU) hired Brent (LNU) (white) as a driver, the same position that Plaintiff held.

64. Defendant's trucks were repeatedly breaking down, and with the hiring of Brent (LNU), Defendant had too many drivers for the operational trucks.

65. Elizabeth (LNU) terminated Plaintiff's employment in order to make the truck Plaintiff drove now available for Brent (LNU) to drive.

66. Defendant's decision to terminate Plaintiff was made in part, or in whole, because of Plaintiff' race, African-American.

67. As a result of Defendant's violation of the § 1981, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII, § 1981, and the ADA;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have had, had he not been discriminated against;

C. Award him back pay, together with employment benefits, front pay; compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §2000e, 42 U.S.C. § 1981, 42 U.S.C. § 12101 that the actions of Defendant are violative of the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

The Lovelady Center, Inc.
c/o Melinda Megahee
7916 Second Avenue South
Birmingham, AL 35206